NOT DESIGNATED FOR PUBLICATION

No. 122,542

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DESTINY L. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed December 23, 2020. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Destiny L. Taylor appeals the district court's decision revoking her probation and ordering her to serve a modified sentence. We granted Taylor's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State asks us to affirm the district court's judgment.

On March 9, 2016, Taylor pled guilty to one count of possession of oxycodone with intent to distribute and one count of unlawful use of a communication facility for crimes committed in September 2013. On April 29, 2016, the district court imposed a controlling sentence of 59 months' imprisonment but granted a dispositional departure to probation for 36 months to be supervised by community corrections.

1

Taylor did not succeed on probation. She violated the conditions of her supervision at least four times and received jail sanctions and one intermediate prison sanction. At a hearing on December 11, 2019, Taylor admitted to violating the conditions of her probation by failing to refrain from the use of drugs, failing to report as directed, and failing to attend treatment. Taylor argued that she should stay on probation because her violations stemmed from an abusive relationship. She also argued that she had eight children to care for and that she had been recommended for inpatient treatment. The district court revoked Taylor's probation and ordered her to serve a modified sentence of 56 months' imprisonment. Taylor timely appealed.

On appeal, Taylor claims the district court "abused its discretion by revoking probation in this case." She argues that the district court's action did not consider her individual circumstances and constituted an abuse of discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The district court originally granted Taylor a dispositional departure to probation, but she did not seize the many chances the district court gave her to overcome her drug addiction. We disagree with Taylor's claim that the district court did not consider her individual circumstances. Even after her final probation violation, the district court showed leniency to Taylor by modifying her sentence. The district court's decision to revoke Taylor's probation was not arbitrary, fanciful, or unreasonable, and it was not

2

based on an error of fact or law. Taylor has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve a modified sentence.

Affirmed.